IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
<u>ex rel.</u>
PATRICK G. MCDONALD AND
STATE OF FLORIDA,
<u>ex rel.</u>, PATRICK G. MCDONALD

      Plaintiffs

v.

TENET HEALTHCARE CORPORATION
D/B/A DELRAY MEDICAL CENTER

      Defendant

_____/

Civil Action No.

# 98-8394

**FILED UNDER SEAL
PURSUANT TO
31 U.S.C. § 3730(b)(2)**

## CIV - UNGARO - BENAGES

MAGISTRATE JUDGE
DUBÉ

### FALSE CLAIMS ACT COMPLAINT

#### Introduction

1. Patrick McDonald (the "Relator") brings this action on behalf of the United States of America and the State of Florida against Defendant for treble damages and civil penalties arising from the Defendant's false statements and false claims in violation of the Federal False Claims Act, 31 U.S.C. § 3729, <u>et</u> <u>seq</u> and the State of Florida False Claims Act, 68.081 - 68.09, Florida Statutes. The violation arises out of Defendant's requests for payment by Medicare, Medicaid, and other government agencies and



programs (hereinafter, collectively the "Government" or "Plaintiffs") based on false claims on its cost report for in-patient hospital services.

2. As required by the False claims Act, 31 U.S.C. § 3730(a)(2), the Relator has provided to the Attorney General of the United States and to the United States Attorney for the Southern District of Florida, simultaneous with the filing of the original Complaint, a statement of all material evidence and information related to the Complaint. This Disclosure Statement was supported by material evidence known to the Relator at the time of this filing establishing the existence of Defendant's false claims. Because the statement includes attorney-client communications and work product of the Relator's attorneys, and was submitted to the Attorney General and to the United States Attorney in their capacity as potential co-counsel in the litigation, the Relator understands this disclosure to be confidential.

3. As required by the False Claims Act, 68.083, Florida Statutes, the Relator has provided to the Florida Department of Legal Affairs and to the Comptroller, as head of the Department of Banking and Financing, simultaneous with the filing of this Complaint, a written disclosure of substantially all material evidence and information related to the Complaint by registered

mail, return receipt requested. This Disclosure Statement is supported by material evidence known to the Relator at the time of this filing, establishing the existence of Defendant's false claims. Because the statement includes attorney-client communications and work product of the Relator's attorneys, and is submitted to the Department of Legal Affairs and to the Comptroller (as head of the Department of Banking and Finance) in their capacity as potential co-counsel in the litigation, the Relator understands that this disclosure is to be confidential.

4. The pervasive fraud and false claims described in Counts I through II, <u>infra</u>, occurred at Delray Medical Center, located at 5352 Linton Boulevard, Delray Beach, Florida.

### Jurisdiction and Venue

5. The acts proscribed by 31 U.S.C. S 3729 <u>et seq</u>. and 68.081 - 68.09, Florida Statutes, and complained of herein occurred at the Defendant's facilities located in Palm Beach County, Florida, in this District. Therefore, this Court has jurisdiction over this case for the claim brought on behalf of the United States Government pursuant to 31 U.S.C. 3732 (a), as well as under 28 U.S.C. § 1345.

6. This Court has jurisdiction over this case for the claim brought on behalf of the State of Florida pursuant to 31 U.S.C. §

3732(b) inasmuch as recovery is sought on behalf of the State of Florida which arises from the same transactions and occurrences as the claim brought on behalf of the United States.

7.  Venue is proper in this District pursuant to 31 U.S.C. § 3732(a), because the acts proscribed by 31 U.S.C. § 3729 et.seq. and 68.081 - 68.09, Florida Statutes and complained of herein, took place in this District, and is also proper pursuant to U.S.C. § 1391(b) because the claims that this Complaint describes arose in this District. Further, Defendant does business in this District.

## Parties

8.  Relator, Patrick McDonald, is a citizen of the United States and a resident of the State of Florida. From 1994 until June, 1997, he was employed as an emergency room nurse in the "ER hold."

9.  The Relator brings this action based in his direct knowledge, and also on information and belief. On information and belief, he is an original source of the information contained in this Complaint.

10. At all times relevant hereto, Defendant acted through its agents, employees and independent contractors, and the acts of Defendant's agents and employees and independent contractors were

4

within the scope of their agency and employment. The policies and practices alleged in this complaint were, on information and belief, set or ratified at the highest corporate levels of Defendant's Delray Medical Center Hospital.

11. The United States of America ("U.S.") funds the provision of medical care, including hospital in-patient services, for eligible citizens through Medicare, Medicaid, Champus and other agencies and programs, acting through the Health Care Financing Administration, within the U.S. Department of Health and Human services, and other agencies.

12. Medicaid is a federally assisted grant program for the states. Medicaid enables the states to provide medical assistance and related services to needy individuals. The Health Care Financing Administration ("HCFA"), administers Medicaid on the Federal level. Within broad Federal rules, however, each State decides who is eligible for Medicaid, the services covered, payment levels for services and administrative and operation procedures. The State directly reimburses physicians for services rendered, with the State obtaining the Federal share of the payment from accounts which draw on funds of the United States Treasury. 42 C.F.R. §§ 430.0-430.30 (1994). The Federal share of each state's Medicaid program varies state by state.

5

13. The State of Florida, through its Agency for Health Care Administration ("AHCA"), participates in the Medicaid program.

14. At all times relevant to this Complaint, the United States provided funds to the State of Florida AHCA through the Medicaid program, pursuant to Title XIX of the Social Security Act, 42 U.S.C. §§1396 et Seq. Enrolled providers of medical services to Medicaid recipients are eligible for reimbursement for covered medicals services under the provisions if Title XIX of the 1965 Amendments to the Federal Social Security Act. By becoming a participating provider in Medicaid, enrolled providers agree to abide by the rules, regulations, policies and procedures governing reimbursement, and to keep and allow access to records and information required by Medicaid. In order to receive Medicaid funds, enrolled providers, together with the authorized agents, employees, and contractors, are required to abide by all the provisions of the Social Security Act, and all applicable policies and procedures issued by the State of Florida AHCA.

## COUNT I

15. Relator relies and incorporates the allegations of paragraphs 1-14 as if fully set forth herein.

16. Beginning with the inception of the Relator's employment,

6

additional staff was hired solely to work for "ER hold" and "ICU Hold." In excess of 60 extra employees were employed to service these areas on a permanent basis. This consisted of entirely separate staff members, separate schedules, separate areas, separate beds and separate equipment, from the emergency room.

17. When patients were <u>admitted</u> as regular heart patients for (ICU, Telemetry or medical surgical), and the physician required a telemetry pack, the patients would sometimes be placed in "ER hold" because beds and telemetry packs were not available in the corresponding areas.

18. Three to ten patients at a time, per day, were placed in this predicament for over the 3 years period that Relator was present. These patients were placed in E.R. hold on stretchers and were assigned a "life pack" instead in telemetry machinery. "Lifepack" machines are only designed for temporary transportation purposes and have very primitive monitoring capabilities.

19. These patients, admitted by their doctors to ICU and telemetry cardiac monitored beds, were forced to stay on ER stretchers for several days, crammed into any available space with complete lack of regard for fire safety, or safe cardiac monitoring. Government programs however, were billed for these patients as if they were: (1) monitored on a telemetry machine,;

7

(2) in a standard room(ICU, Medical/Surgical).

20. Defendant's claims to the Plaintiffs for payment for telemetry, Intensive Care Unit, and/or Medical/Surgical when patients were in fact in "E.R. Hold" all violated the Federal False Claims Act, 31 U.S.C. § 3729, and the Florida False Claims Act, 68.081, et seq.

21. On information and belief, the Plaintiffs paid the Defendant's false claims in full.

22. By reason of the acts complained of herein, Defendant has been unjustly enriched and the Plaintiffs have suffered actual, material damages, in an amount to be proven at trial.

### COUNT II

23. Relator relies and incorporates the allegations of paragraphs 1-14 as if fully set forth herein.

24. The Joint Commission on Accreditation of Healthcare engages in comprehensive quality review programs for hospitals. In the instant case, it served as an alternative to state and federal inspection of the Defendant hospital, for accreditation and re-accreditation purposes.

25. In June 1996, the JCAHO was scheduled to perform an accreditation survey. In the most recent survey, the Defendant

hospital was under provisional approval. In order to pass the survey, and not lose their accreditation, Defendant hospital engaged in blatantly fraudulent conduct as described hereinafter, by totally removing the ER hold and ICU hold, as if they never existed.

26. In the Emergency Room, the entire "ER hold" was removed in anticipation of the survey. First, the patients were removed starting Friday, and continued over the week-end. The following Monday, the ER hold (previously holding 25-50 patients daily) was 100% empty for the first time in years.

27. In order to further deceive the JCAHO before the survey, the Defendant secured a U-Haul truck, and used emergency room technicians to remove the following, to be stored in a warehouse off-site: (all equipment was retained after surveyors left and ER holding was returned to business as usual:

a. 30+/- stretchers;

b. 4 central station telemetry monitors;

c. all telemetry packs (36);

d. the entire nursing station

e. all sign were removed that related to ER holding (these were permanent signs made by the shop in the hospital), that included:

      i. Visitor signs

      ii. Bed signs in hallway

      iii. Magic slates that listed every patient.

      iv. The desk area

      v. The area was physically re-arrangement to look like the original design of the Emergency Room.

28. In addition, the Defendant engaged in documentation and personnel deception:

    a. Nurses were rescheduled to give them time off if they were working ER hold during JCAHO survey.

    b. Staff was artificially inflated to increase the staff-to-patient ratio.

    c. Emergency Room staff was coached to not mention ER holding to the JCAHO.

    d. Log books ( listed the ER hold patients) were removed.

    e. Nursing schedules listing a separate staff for ER hold was removed.

  f. Daily staffing sheets listing additional agency staff hired to care for holding patients was removed.

29. In the Intensive Care Unit, there was a permanent "ICU hold" unit. The staff were not hospital employees, but were outside agency nurses. Before the JCAHO arrived, the Defendant hired outside help to move the patients outside of the "ICU hold" for 36 hours. The census suddenly became lower: the Defendant moved border-line patients into the regular floors, and the "ICU holds" into the regular ICU.

30. Despite the fact that "ICU hold" had been in permanent existence continuously for two years, the Defendant engaged in extensive structural changes to re-route gas, suction, and monitoring equipment. Defendant removed all of the equipment (all monitors and their brackets), including all hard-wires inside, and installed blank plates over all installation of the hard-wires to <u>cover up</u> the hard-wires. Defendant also removed the "ICU Holding" sign and replaced it with a sign that said "Storage." As a result, when the JCAHO came in, they believed the previous "ICU holding" was in fact a storage room. In addition, a PYXIS machine (medication dispensing machine) was hidden for the JCAHO review.

31. Defendant's claims to the Plaintiffs for payment for

telemetry, Intensive Care Unit, and Medical/Surgical services when re-certification of the Defendant and payment by the Plaintiffs would not have occurred if Plaintiffs had known about the fraudulent conduct engaged in by Defendant, all violated the Federal False Claims Act, 31 U.S.C. § 3729, and the Florida False Claims Act, 68.081, <u>et seq.</u>

32. On information and belief, the Plaintiffs paid the Defendant's false claims in full.

33. By reason of the acts complained of herein, Defendant has been unjustly enriched and the Plaintiffs have suffered actual, material damages, in an amount to be proven at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, relator respectfully requests this Court to enter judgment against Defendant, as follows:

(a) That the Plaintiffs be awarded damages in the amount of three times the damages sustained by each of the Plaintiffs because of the false claims and fraud alleged within this Complaint, as the Federal False Claims Act, and Florida False Claims Act provides;

(b) That civil penalties of $10,000 be imposed for each and every false claim that Defendant presented to the Plaintiffs;

(c) That pre- and post-judgment interest be awarded, along with reasonable attorney's fees, costs, and expenses which the Plaintiffs necessarily incurred in bringing and

pressing this case;

(d) That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act for which redress is sought in this Complaint;

(e) That the relator be awarded the maximum amount allowed pursuant to the False Claims Act;

(f) That this Court award such other and further relief as it deems proper.

DATED this ___9th___ day of __June__, 1998.

_____
KENNETH J. NOLAN, ESQ.
Kenneth J. Nolan, P.A.
Florida Bar No. 603406
2450 Hollywood Blvd., Suite 702
Hollywood, Florida 33020
Telephone: (954) 929-4850
Telefacsimile: (954) 929-6603

13

# 98-8394    CIVIL COVER SHEET    CIV-UNGARO-BENAGES
MAGISTRATE JUDGE
DUBÉ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
UNITED STATES OF AMERICA
ex rel.
PATRICK G. MACDONALD
STATE OF FLORIDA, ex rel.
PATRICK G. MCDONALD

**DEFENDANTS**
TENET HEALTHCARE CORPORATION
D/B/A DELRAY MEDICAL CENTER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kenenth J. Nolan, Esq.
2450 Hollywood Blvd., Suite 702
Hollywood, FL 33020  (954) 929-4850

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, (PALM BEACH) MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
[X] 1. U.S. Government Plaintiff
[ ] 2. U.S. Government Defendant
[ ] 3. Federal Question (U.S. Government Not a Party)
[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

31 U.S.C. 3729 et seq. Claim under the False Claims Act.

IVa. 25 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
[X] 1. Original Proceeding

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $  JURY DEMAND: [X] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ____  DOCKET NUMBER ____

DATE 6/9/98
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 513838
Amount $150.00
M/tp: